# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

EDDIE GRIFFIN, #N83899,         )
         )
      **Plaintiff,**         )
         )
vs.         )      **Case No. 18-cv-01867-SMY**
         )
JEANNE CAMPANELLA,         )
and LT. COATS,         )
         )
      **Defendants.**         )

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiff Eddie Griffin, a former inmate of the Illinois Department of Corrections ("IDOC"), brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred while he was incarcerated at Vienna Correctional Center ("Vienna"). He asserts he was subjected to unconstitutional conditions of confinement in violation of his rights under the Eighth and Fourteenth Amendments. (Doc. 6). He seeks leave to proceed *in forma pauperis* ("IFP"). (Doc. 2).

Although Plaintiff's claims arose during his incarceration, he was not incarcerated or detained at the time he filed his Complaint. Thus, he does not meet the statutory definition of "prisoner"[1] for purposes of the Prison Litigation Reform Act ("PLRA") or the IFP statute. *See* 28 U.S.C. § 1915(h). However, the Court may allow a civil case to proceed without prepayment of fees if the litigant demonstrates that he is indigent under 28 U.S.C. § 1915(a)(1), and Plaintiff has made that showing. That said, the Court must also consider the merits of his claims under 28

---

[1] Section 1915(h) defines "prisoner" as any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

U.S.C. § 1915(e)(2) and deny leave to proceed IFP if the claims are frivolous, malicious, fail to state a claim on which relief may be granted, or if Plaintiff seeks monetary relief against a defendant who is immune from such relief.

## The Amended Complaint

Plaintiff makes the following allegations in his Amended Complaint: During his incarceration at Vienna, the water supplied to inmates for drinking and used in meal preparation was contaminated. (Doc. 6, pp. 2-3). The water supply contained excessive amounts of viruses, bacteria, radioactive contaminants, pesticides, herbicides, radium, alpha emitters, and other contaminants. *Id.* The water was "brown or rust" for about a month and a half. (Doc. 6, p. 2). Warden Campanella, Warden Love, and the water supply operator had knowledge of the contaminated water and failed to take corrective action. *Id.*

Additionally, there was inadequate ventilation that caused Plaintiff to have allergic reactions and respiratory issues. (Doc. 6, p. 4). Lt. Coats and Major Cox had knowledge of the ventilation issue for many years and Warden Campanella knew for at least a year. *Id.* Vienna also has had a constant problem with inadequate heat during the cold winter months in housing units 1, 3, 5, 6, and 19. (Doc. 6, p. 5). Warden Campanella, Lt. Coats, and Major Cox have been made aware of the inadequate heat by numerous inmates over the years. *Id.*

Based on the allegations of the Amended Complaint, the Court designates the following Counts.[2]

> Count 1: Eighth Amendment claim against Campanella and Coats for endangering Plaintiff's present and/or future health by exposing him to drinking water contaminated with viruses, bacteria, radioactive

---

[2] Plaintiff also alleges conditions of confinement claims under the Fourteenth Amendment. Because Plaintiff was a convicted prisoner, his conditions of confinement claims are properly brought under the Eighth Amendment. *See Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005). Accordingly, the Court addresses Plaintiff's claims only in the context of the Eighth Amendment.

contaminants, pesticides, herbicides, radium, alpha emitters, and other contaminants.

Count 2:     Eighth Amendment claim against Campanella and Coats for subjecting Plaintiff to inadequate ventilation, which exacerbated his allergies and caused respiratory issues.

Count 3:     Eighth Amendment claim against Campanella and Coats based on knowledge of an inadequate heating issue in housing units 1, 3, 5, 6, and 19 at Vienna.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designations do not constitute an opinion regarding their merit. Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.[3]

### Discussion

As a preliminary matter, in the body of the Amended Complaint, Plaintiff identified Warden Love, the Water Supply Operator, and Major Cox as additional individuals with knowledge of the contaminated water, inadequate ventilation, and/or inadequate heat. However, these individuals are not identified as defendants in the case caption or list of defendants in the Amended Complaint. The Court will not treat parties not listed in the caption as defendants, and any claims against them are considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (to be properly considered a party a defendant must be "specif[ied] in the caption")

### Count 1

The Eighth Amendment requires prison officials to house inmates under humane

---

[3] An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

conditions and to provide them with adequate food and water, among other basic needs.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  A denial of drinkable water, even for a few days, may be actionable as a violation of the Eighth Amendment.  *Atkins v. City of* Chicago, 631 F.3d 823, 830 (7th Cir.  2011).  The Eighth Amendment also prohibits deliberate indifference to an inmate's health and safety.  *Farmer*, 511 U.S. at 845.  This extends to both present and future health risks.  *See Helling v. McKinney*, 509 U.S. 25 (1993).  Prison officials violate an inmate's constitutional rights in conditions of confinement cases where the alleged deprivation is sufficiently serious (objective standard) and (2) the officials act with deliberate indifference (subjective standard).  *Farmer,* 511 U.S. at 834.

Plaintiff claims the water supply at Vienna contained excessive amounts of viruses, bacteria, radioactive contaminants, pesticides, herbicides, radium, alpha emitters, and other contaminants.  That contaminated water was supplied to inmates for drinking and used in meal preparation.  This is sufficient to satisfy the objective prong of an Eighth Amendment claim.

The Amended Complaint also sufficiently alleges deliberate indifference with respect to Campanella and Coats.  Plaintiff alleges that these defendants knew the water was contaminated but failed to take corrective action.  Further, because Plaintiff's claim involves "potentially systemic," rather than "clearly localized," constitutional violations, the warden(s) who were in place during Plaintiff's incarceration at Vienna may also be held to answer for the alleged problems with contaminated water at the facility.  *See e.g.*, *Antonelli v. Sheahan*, 81 F.3d 1422, 1428-29 (7th Cir.  1996); *see also, Huff v. Lashbrook*, 2018 WL 3546765, *3-4 (S.D. Ill. July 24, 2018) (allowing claim pertaining to potentially systemic water contamination at Menard to proceed against former wardens and IDOC director);  *Riley v. Illinois,* 2014 WL 3396531, * 4 (N.D. Ill. July 10, 2014) (allowing claim pertaining to potentially systemic water contamination at Stateville to proceed

against the warden and IDOC director); (*Truidalle v. Taylor,* 2011 WL 6780690, *6 (N.D. Ill Dec. 23, 2011) (same). Therefore, Plaintiff will be allowed to proceed on Count 1 of the Amended Complaint.

## Count 2

Plaintiff alleges that inadequate ventilation at Vienna caused him to have allergic reactions and respiratory issues. (Doc. 6, p. 4). He further alleges that Campanella and Coats had knowledge of the inadequate ventilation generally. But, Plaintiff does not allege these defendants knew he was having a problem with the ventilation or that it caused him allergic reactions and respiratory issues. As such, Plaintiff fails to state a viable conditions of confinement claim in Count 2 and it will be dismissed.

## Count 3

Plaintiff asserts Vienna has had a constant problem in housing units 1, 3, 5, 6, and 19 with inadequate heat during the cold winter months. (Doc. 6, p. 5). He alleges Defendants Campanella and Coats have been made aware of the inadequate heat by numerous inmates over the years. However, he does not allege that he was subjected to inadequate heat or that Campanella and Coats knew he was in a cell with no heat. Therefore, Plaintiff fails to state a viable conditions of confinement claim in Count 3, and it will be dismissed.

## Disposition

**IT IS HEREBY ORDERED** that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that **COUNT 1** shall receive further review as to **CAMPANELLA** and **COATS**. **COUNT 2** and **COUNT 3** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for **CAMPANELLA** and **COATS**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Amended Complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Amended Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings. Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(3) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, despite the fact

that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED:  March 21, 2019**

> **s/ Staci M. Yandle**
> **STACI M. YANDLE**
> **United States District Judge**

### Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate Defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, Defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive Defendants' Answers, but it is entirely possible that it will take **90 days** or more. When all Defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**